12-3954-cr
United States v. Pinney

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    <u>Appellee</u>,

    -v.-                                        No. 12-3954-cr

CHRISTOPHER PINNEY,

    <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANT-APPELLANT:   LISA PEEBLES (Timothy Austin & Molly Corbett <u>on the brief</u>), Federal Public Defender, Albany, NY.

**FOR APPELLEE:**          RAJIT S. DOSANJH (Richard D. Belliss, on the brief) for Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Christopher Pinney pled guilty to violating two conditions of his supervised release; he now argues that one of those conditions is unconstitutional. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). If a "party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review." United States v. Yu-Leung, 51 F.3d 1116, 1122 (2d Cir. 1995).

Pinney expressly agreed that the challenged condition be added to the terms of his release and waived his right to a hearing and assistance of counsel. He later pled guilty to violating the condition and proceeded to sentencing

2

without raising any objection, constitutional or otherwise, to its terms.  Instead, Pinney urged the district court to be lenient based primarily on his need for significant supervision from the Probation Office.  Given that the constitutional infirmities Pinney now cites were obvious from the wording of the condition, Pinney evidently made a tactical decision to forgo raising constitutional issues in favor of sentencing-based arguments.  Pinney therefore waived his objections to the condition.

We have considered all of Pinney's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

```
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
```